**Chamnong CHITCHARUEK, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–72068.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Nov. 2, 2009.

Christopher John Stender, Esquire, Stender & Lappin, San Diego, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Katharine Clark, Esquire, Trial, Barry J. Pettinato, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

## MEMORANDUM **

Chamnong Chitcharuek, a native and citizen of Thailand, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

▪ Substantial evidence supports the BIA's denial of Chitcharuek's withholding of removal claim because he failed to establish that the harassment and discrimination he experienced in Thailand on account of his homosexuality, even considered cumulatively, rose to the level of persecution, *see id.* at 1016–18, and he did not demonstrate a clear probability of future persecution, *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir.2003).

▪ Substantial evidence also supports the BIA's denial of CAT protection because Chitcharuek failed to demonstrate it is more likely than not he would be tortured if returned to Thailand. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006). We reject Chitcharuek's contention that the BIA's denial of his CAT claim did not sufficiently identify its reasoning or

basis. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000); *see also Larita–Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir.2000) (requiring alien to overcome presumption that BIA considered all the relevant evidence).

## PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

